UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME AYALA GALVEZ,<br>Petitioner<br>v.<br>WILLIAM MUNIZ, Warden,<br>Respondent. | Case No. CV 16-7626-AG (GJS)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Under 28 U.S.C. § 636, the Court has reviewed the habeas petition ("Petition") and all pleadings, motions, and other documents filed in this action, the Report and Recommendation of United States Magistrate Judge ("Report"), and Petitioner's two sets of Objections to the Report, namely, the Objections prepared by Petitioner and filed on July 23, 2018 [Dkt. 37, "First Objections"], and the Objections prepared by an attorney assisting Petitioner and filed on August 1, 2018 [Dkt. 38, "Second Objections"]. Under 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of those portions of the Report receiving objections stated in writing.

The Court has reviewed the Second Objections carefully and has concluded that they need not be specifically addressed. Its arguments, even when directed to

particular portions of the Report, merely restate arguments made previously in Petitioner's briefing in this case, which already have been considered.

Concerning the First Objections, Petitioner states that he objects only to the Report's analyses of Grounds One through Three of the Petition. As to Grounds One and Two, Petitioner seeks to introduce new evidence that was not a part of the record in this case at the time the Report issued. One exception is a copy of the notice of appeal filed by counsel. Although this document is part of the state record and may be considered, it does not cause the Court to question the correctness of the Report's analyses and conclusions. The new evidence includes: photocopies of military records and letters of recommendation; photographs of an asserted missionary trip to Tijuana, Mexico; a copy of a *Marsden* hearing transcript that was not included in the lodged state record; and numerous allegations by Petitioner regarding conversations held off the record, his description of the underlying events, his personal feelings and beliefs, and other extrinsic matters.

A district court has discretion, but is not required, to consider evidence or arguments presented for the first time in objections to a report and recommendation. *See Brown v. Roe*, 279 F.3d 742, 744-45 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000). The Court exercises its discretion *not* to consider the newly-proffered evidence appended to and factual allegations made in the First Objections. The state courts denied all of Petitioner's habeas claims on their merits and, thus, they are governed by the standard of review set forth in 28 U.S.C. § 2254(d). Unless the Court were to find that threshold standard satisfied, the Court's review of these claims is limited to the record that actually was before the state courts when they considered and resolved these claims. *See Cullen v. Pinholster*, 563 U.S. 170, 181-85 (2011); *Runningeagle v. Ryan*, 686 F.3d 758, 773-74 (9th Cir. 2012). For the reasons set forth in the Report, Petitioner has not surmounted the initial hurdle presented by Section 2254(d)(1) and (2). As a result, *Pinholster* precludes consideration of the new matters that Petitioner now proffers.

Regardless, nothing in the First Objections calls into question the Report's analyses and conclusions regarding Grounds One and Two, whether factually or legally.

In the First Objections' discussion of both Ground Two and Ground Three, Petitioner attempts to object to the Report by asserting a variety of new claims, including claims based on prosecutorial misconduct, the presentation of false evidence, and additional instances of alleged ineffective assistance of counsel that were not alleged in the Petition. There is no evidence before the Court that Petitioner has exhausted these belatedly-raised claims and, further, they are not properly raised in response to a Report and Recommendation. Accordingly, the Court declines to consider them. Moreover, whether or not trial counsel performed deficiently in these newly-asserted respects, Petitioner has not shown that the Report erred in concluding that Section 2254(d) is not satisfied based on the state court's decision on the particular ineffective assistance claim actually raised through Ground Three.

Having completed its review, the Court concludes that nothing set forth in the First or Second Objections affects or calls into question the analyses and conclusions set forth in the Report. The Court accepts the findings and recommendations set forth in the Report. Accordingly, **IT IS ORDERED** that: (1) the Petition is DENIED; and (2) Judgment shall be entered dismissing this action with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATE: 9/16/18

ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE